**FOR PUBLICATION**

## JUDICIAL COUNCIL OF THE NINTH CIRCUIT EXECUTIVE COMMITTEE

IN THE MATTER OF
MARGARET FONBERG

EDR No. 13-002
ORDER

Filed November 25, 2013

Before: Alex Kozinski, Chief Judge, Richard R. Clifton, Circuit Judge, Beistline, Chief District Judge.[*]

---

## SUMMARY[**]

### Employment Discrimination

The Executive Committee of the Ninth Circuit Judicial Council overturned the chief district judge's amended opinion and order rescinding the back pay remedy provided to a former District of Oregon employee who complained of

---

[*] Under Chapter IX, Section 11 of the District of Oregon's Employment Dispute Resolution Plan, "[a] party or individual aggrieved by a final decision of the chief judge . . . may petition for review of that decision" to the members of "the Executive Committee of the Ninth Circuit Judicial Council or their designees."

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

workplace discrimination pursuant to the District of Oregon's Employment Dispute Resolution Plan.

The Executive Committee held that the United States Office of Personnel Management's denial of health benefits for the employee's same-sex domestic partner violated the District's EDR Plan and constituted a deprivation of due process and equal protection because the employee and her partner were treated differently from similarly-situated couples on account of their sex or sexual orientation. The Executive Committee held that the employee and her partner were treated differently from opposite-sex partners who are allowed to marry and thereby gain spousal benefits under federal law. They also were treated unequally vis-à-vis same-sex couples in other states in the circuit, who may marry and thus gain benefits under *United States v. Windsor*, 133 S. Ct. 2675 (2013) (holding unconstitutional federal Defense of Marriage Act defining marriage as a legal union between a man and a woman).

The Executive Committee overturned the chief district judge's amended opinion and order and reinstated her earlier opinion and order granting relief. The Executive Committee directed the Clerk of Court of the District of Oregon to reimburse the employee for back pay plus interest.

## ORDER

Margaret Fonberg, a female former employee of the District of Oregon,[1] has complained of workplace discrimination and filed a Petition for Review in an employment dispute under the District of Oregon's Employment Dispute Resolution (EDR) Plan.[2]

Fonberg seeks relief from Chief Judge Ann Aiken's March 6, 2013 Amended Opinion and Order rescinding the remedy provided to her in this matter. Specifically, she requests back pay for the period she sought, but was denied, health benefits for her domestic partner during her employment with the district court.

Fonberg and her same-sex partner are registered under the Oregon Family Fairness Act, Or. Rev. Stat. ch. 106, as domestic partners.[3] Under Oregon law, domestic partnership confers rights "on equivalent terms, substantive and procedural," to marriage. Or. Rev. Stat. § 106.340(1).

---

[1] Fonberg served as a law clerk in the District of Oregon from May 2009 to May 18, 2013.

[2] The District of Oregon's EDR Plan incorporates claims arising under the District of Oregon's Equal Opportunity Employment and Non-Discrimination (EEO) Plan, which prohibits discrimination based on sex. In 2012, after Fonberg filed her complaint alleging discrimination based on sex, the District of Oregon amended its EDR Plan to include sexual orientation as a protected category.

[3] Fonberg and her partner are not married in the State of Oregon. The Oregon Constitution limits marriage to one man and one woman. Or. Const. Art. XV, § 5a. The record does not indicate that Fonberg and her partner are married in any other jurisdiction.

In 2009, during the annual open enrollment benefits period, Fonberg attempted to enroll her domestic partner in her employer-offered family health plan. The United States Office of Personnel Management (OPM) denied her request. In August 2010, after counseling and mediation of her employment dispute claim was unsuccessful, Fonberg filed an EDR Complaint, alleging discrimination on the basis of her sex.

In a July 8, 2011 Opinion and Order, Chief Judge Aiken held that the denial of health benefits to Fonberg's partner on the basis of her sex violated the District's EDR Plan and ordered the District to "provide Fonberg a reimbursement allowance for the cost of providing Fonberg's partner with health insurance coverage comparable to that offered spouses of other similarly-situated judicial employees." Chief Judge Aiken also awarded Fonberg retroactive relief for past health insurance coverage costs for her partner from January 4, 2010.

Thereafter, on March 6, 2013, Chief Judge Aiken rescinded her directive to the Clerk to reimburse Fonberg "[b]ecause no legal method for reimbursement is currently available . . . [and] the law affords Fonberg no remedy in this matter." Chief Judge Aiken further ruled that, because Fonberg and her partner are not married, there was no authority within the Ninth Circuit to permit her to order reimbursement of the cost of health benefits for Fonberg's domestic partner.

The question here is whether OPM's decision to deny benefits to Fonberg and her same-sex domestic partner violates the District of Oregon's EDR Plan. That is, were

Fonberg and her partner treated differently from similarly-situated couples because of their sex or sexual orientation?

OPM has taken the position that employees in same-sex relationships such as "a civil union or other forms of domestic partnership other than marriage" are not entitled to federal health insurance benefits for their partners. Office of Personnel Management Benefits Administration Letter No. 13-203 (July 17, 2013). OPM relies on the recent Supreme Court decision in *United States* v. *Windsor*, 133 S.Ct. 2675 (2013), reasoning that the Supreme Court only held that *married* same-sex couples are protected by the Constitution.[4] OPM Benefits Administration Letter No. 13-203 at 2.

Oregon's statutory scheme purports to confer upon same-sex domestic partners the same rights and legal status as those conferred on married couples. In practice, however, it does not. Domestic partners are denied benefits from the federal government that are granted to married couples (including same-sex couples). OPM's position here demonstrates that fact. *Cf. Garden State Equality* v. *Dow*, 2013 WL 5687193 at *3 (N.J. Sup. Ct. October 18, 2013) ("[I]n the wake of *Windsor*, civil-union partners are being denied equal access to federal benefits because of the label placed on their relationship.").

Fonberg and her partner are treated differently in two ways. First, they are treated differently from opposite-sex partners who are allowed to marry and thereby gain spousal

---

[4] *Windsor* held that a federal statute defining marriage as a legal union between a man and a woman was unconstitutional because it denied same-sex *married* couples "the benefits and responsibilities that come with the federal recognition of their marriages." *Id*. at 2693.

benefits under federal law. This is plainly discrimination based on sexual orientation, which the District of Oregon's EDR Plan prohibits. They are also treated unequally vis-à-vis same-sex couples in other states in the circuit, who may marry and thus gain benefits under *Windsor*. This violates the principle that federal employees must not be treated unequally in the entitlements and benefits of federal employment based on the vagaries of state law. Here, Oregon law suffers from precisely the same deficiency that the Supreme Court identified in *Windsor* with respect to the Defense of Marriage Act. Both these forms of discrimination are prohibited under the Oregon EDR Plan.

The distinction drawn by OPM based on the sex of the participants in the union amounts to discrimination on the basis of sex under the District of Oregon's EDR Plan and, under *Windsor*, constitutes a deprivation of due process and equal protection.

For these reasons, we overturn Chief Judge Aiken's March 6, 2013 Amended Opinion and Order and reinstate her July 8, 2011 Opinion and Order granting relief. We direct the Clerk of Court of the District of Oregon to reimburse Fonberg for back pay in the amount of $6,190.90 plus interest to be calculated in accordance with the Back Pay Act, 5 U.S.C. § 5596(b)(2).

Issued this 25th day of November 2013.